EDA

FILED
FEBRUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 983

JUDGE LINDBERG
MAGISTRATE JUDGE COLE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| ELIZABETH KOGUCKI, | ) |
| Plaintiff, | ) NO: |
| v. | ) |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, a government entity of the State of Illinois, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

**COMPLAINT**

Elizabeth Kogucki, by her attorney Gregory J. Bueche, states for her complaint against the Metropolitan Water Reclamation District of Greater Chicago as follows:

COUNT I
(Violation of Title VII of the Civil Rights Act)

1. Elizabeth Kogucki is a resident of the Village of Justice, County of Cook, Illinois.

2. Metropolitan Water Reclamation District of Greater Chicago (hereinafter the "District") is a municipal government of the State of Illinois, created and governed by statute, and entirely operating and located within the area of the Northern District of Illinois, Eastern Division.

3. Kogucki claims herein against District under a federal statute know as Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e et seq.

4. This Court has jurisdiction over the subject matter of this claim pursuant to its federal question jurisdiction under 28 U.S.C. §1331.

5. The United States District Court for the Northern District of Illinois, Eastern Division is the proper venue for this action under 28 U.S.C. §1391(b).

6. The District is the unit of government charged with water and sewer services for much of the Chicago metropolitan area.

7. The District employed more 500 employees in each of 20 or more calendar weeks at all relevant times and/or in each of 20 or more weeks at all relevant times.

8. Since 1989, Kogucki has been employed by the District.

9. In or about October of 2003, Kogucki noted that her direct supervisor had placed on the District public access server (and thereby available to all persons at the district) a series of scripts for plays authored by him. The subject matter of the plays included vulgar language, and derogatory descriptions of women and the relationships between men and women.

10. Making the scripts available to all the employees of the District created a hostile work environment for women and was an incident of discrimination on the basis of sex in that it created a hostile work environment for women, and in that adverse conditions of employment were created for women and not for men.

11. Kogucki complained of the plays and their placement on the public server by her supervisor to her supervisor's supervisor, but was told that her supervisor had permission to keep the plays on District servers.  Her verbal complaint in 2003 to the District Equal Employment Opportunity Officer led to a statement that a written complaint would be futile.

12.  After these complaints to her supervisor's supervisor, and to the Equal Employment Opportunity Officer, Kogucki was passed over for promotion to the position of Principal Civil Engineer in March of 2007 and June 2007.

13.  The District promoted less qualified persons over Kogucki in March 2007 and June 2007 as retaliation against her for complaining with regard to the plays and other protected activity.

14. Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., is applicable to District.  The District is an "employer" and Kogucki is an "employee" as those terms are defined in 42 U.S.C. §2000e.

15. The District violated 42 U.S.C. §2000e-3 by denying Kogucki promotions for the purpose of retaliating against her for complaining of a hostile work environment and sex discrimination and for other protected activity.

16. Kogucki timely filed a charge of discrimination with the Equal Employment Opportunity Commission against the District on September 9, 2007 and was assigned charge number 440-2007-07773.

17. On November 24, 2007, Kogucki received from the United States Department of Justice a Notice of Rights to sue the District in this court. This suit is filed within 90 days of Kogucki's receipt of said notice.

18. Kogucki is entitled to an award from District of compensatory and punitive damages of $300,000, plus attorneys fees, and for an order compelling the District to promote her.

WHEREFORE, Plaintiff Elizabeth Kogucki prays that a judgment enter in her favor, and against the Metropolitan Water Reclamation District of Greater Chicago:

    a. awarding Kogucki $300,000 in compensatory and punitive damages;
    b. awarding Kogucki her attorneys fees and costs incurred in this action;
    c. ordering that Kogucki be promoted to Principal Civil Engineer; and
    d. awarding Kogucki any other relief this Court deems appropriate.

                        ELIZABETH KOGUCKI,
                        Plaintiff
                        By:/s/ Gregory J. Bueche
                            Her Attorney

## **Jury Demand**

    Plaintiff Elizabeth Kogucki demands trial of all issues of this cause by jury.

                        ELIZABETH KOGUCKI,
                        Plaintiff
                        By: /s/ Gregory J. Bueche
                            Her Attorney

GREGORY J. BUECHE
27475 Ferry Road
Warrenville, IL  60555
630-717-2962
Attorney No. 6193425