IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH KOGUCKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 983 |
| ) | Judge Lindberg |
| METROPOLITAN WATER ) | Magistrate Judge Cole |
| RECLAMATION DISTRICT OF ) | |
| GREATER CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Metropolitan Water Reclamation District of Greater Chicago, a unit of local government, by its attorney, Frederick M. Feldman, answers Plaintiff Elizabeth Kogucki's Complaint as follows:

COUNT I

(Violation of Title VII of the Civil Rights Act)

1.  Elizabeth Kogucki is a resident of the Village of Justice, County of Cook, Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 1.

2.  Metropolitan Water Reclamation District of Greater Chicago (hereinafter the "District") is a municipal government of the State of Illinois, created and governed by statute,

and entirely operating and located within the area of the Northern District of Illinois, Eastern Division.

**ANSWER:** Defendant admits that the District is a municipal government of the State of Illinois, created and governed by statute, and operating and located within the area of the Northern District of Illinois, Eastern Division. Defendant denies the remaining allegations of paragraph 2.

3. Kogucki claims herein against District under a federal statute know as Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e et seq.

**ANSWER:** Defendant admits that Plaintiff has filed such an action against Defendant. Defendant denies that it has violated Plaintiff's rights under Title VII and denies that there is any basis for the relief sought.

4. This Court has jurisdiction over the subject matter of this claim pursuant to its federal question jurisdiction under 28 U.S.C. §1331.

**ANSWER:** Defendant admits that this court has jurisdiction over the subject matter of this claim pursuant to its federal question jurisdiction. Defendant denies that it has violated Plaintiff's rights under Title VII and denies that there is any basis for the relief sought.

5. The United States District Court for the Northern District of Illinois, Eastern Division is the proper venue for this action under 28 U.S.C. §1391(b).

**ANSWER:** Defendant admits that the United States District Court for the Northern District of Illinois, Eastern Division, is the proper venue for this action but denies that Plaintiff has a cause of action and denies that there is any basis for the relief sought in this venue.

6. The District is the unit of government charged with water and sewer services for much of the Chicago metropolitan area.

**ANSWER:** Defendant denies the allegations of paragraph 6. Defendant admits that it is responsible for waste water treatment and storm water management for most of the Cook County area.

7. The District employed more 500 employees in each of 20 or more calendar weeks at all relevant times and/or in each of 20 or more weeks at all relevant times.

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. Since 1989, Kogucki has been employed by the District.

**ANSWER:** Defendant admits the allegations of paragraph 8.

9. In or about October of 2003, Kogucki noted that her direct supervisor had placed on the District public access server (and thereby available to all persons at the district) a series of scripts for plays authored by him. The subject matter of the plays included vulgar language, and derogatory descriptions of women and the relationships between men and women.

**ANSWER:** Defendant admits that in October 2003 Plaintiff reported that she had read play scripts on a District server that were authored by her supervisor. The District denies that the plays were "on the District public access server" or in an area of the network intended for Plaintiff's access or use and denies that they were "available to all persons at the District." The District further denies the remaining allegations of paragraph 9, because they state opinions and conclusions.

10. Making the scripts available to all the employees of the District created a hostile work environment for women and was an incident of discrimination on the basis of sex in that it created a hostile work environment for women, and in that adverse conditions of employment were created for women and not for men.

**ANSWER:** Defendant denies the allegations of paragraph 10.

11. Kogucki complained of the plays and their placement on the public server by her supervisor to her supervisor's supervisor, but was told that her supervisor had permission to keep the plays on District servers. Her verbal complaint in 2003 to the District Equal Employment Opportunity Officer led to a statement that a written complaint would be futile.

**ANSWER:** Defendant admits that Plaintiff complained about the plays to her supervisor's supervisor and that Plaintiff verbally complained in 2003 to the District's EEO Officer. Defendant denies the remaining allegations of paragraph 11.

12. After these complaints to her supervisor's supervisor, and to the Equal Employment Opportunity Officer, Kogucki was passed over for promotion to the position of Principal Civil Engineer in March of 2007 and June 2007.

**ANSWER:** Defendant admits that Plaintiff was not selected for promotions in March 2007 and June 2007. Defendant denies the characterization that Plaintiff was "passed over." Defendant denies any implication that Plaintiff was not promoted in 2007 because of her 2003 complaints and denies the remaining allegations of paragraph 12.

13. The District promoted less qualified persons over Kogucki in March 2007 and June 2007 as retaliation against her for complaining with regard to the plays and other protected activity.

**ANSWER:** Defendant denies the allegations of paragraph 13.

14. Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., is applicable to District. The District is an "employer" and Kogucki is an "employee" as those terms are defined in 42 U.S.C. §2000e.

**ANSWER:** Defendant admits the allegations of paragraph 14.

15. The District violated 42 U.S.C. §2000e-3 by denying Kogucki promotions for the purpose of retaliating against her for complaining of a hostile work environment and sex discrimination and for other protected activity.

**ANSWER:** Defendant denies the allegations of paragraph 15.

5

16. Kogucki timely filed a charge of discrimination with the Equal Employment Opportunity Commission against the District on September 9, 2007 and was assigned charge number 440-2007-07773.

**ANSWER:** Defendant denies that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against the District on September 9, 2007. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC against the District on September 19, 2007, which was assigned charge number 440-2007-07773. Defendant denies the allegation of paragraph 16 that said charge was timely.

17. On November 24, 2007, Kogucki received from the United States Department of Justice a Notice of Rights to sue the District in this court. This suit is filed within 90 day of Kogucki's receipt of said notice.

**ANSWER:** Defendant admits that the Department of Justice issued Plaintiff a Notice of Right to Sue. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received the notice on November 24, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that this suit is filed within 90 days of Plaintiff's receipt of said notice.

18. Kogucki is entitled to an award from District of compensatory and punitive damages of $300,000, plus attorneys fees, and for an order compelling the District to promote her.

**ANSWER:** Defendant denies the allegations of paragraph 18.

WHEREFORE, Defendant Metropolitan Water Reclamation District of Greater Chicago denies that Plaintiff Elizabeth Kogucki is entitled to a judgment in her favor and denies that Plaintiff is entitled to any relief and respectfully requests that this Court

A. Enter judgment in favor of Defendant declaring that it did not violate the rights of Plaintiff under federal law;

B. Order Plaintiff to reimburse Defendant for its costs in defending a frivolous lawsuit;

C. Deny Plaintiff an order that she be promoted to Principal Civil Engineer;

D. Deny Plaintiff any and all damages, including consequential, compensatory, and punitive, and any other relief;

E. Deny Plaintiff any and all attorney's fees and costs; and

F. Grant Defendant such further relief as the Court deems necessary and proper in the public interest.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are time-barred in whole or in part.

2. Plaintiff's claim for punitive damages is barred, because punitive damages are not recoverable against a government employer.

3. Plaintiff has a duty to mitigate any of her claimed injuries or damages in this case, and to the extent she has failed to do so, any verdict or judgment obtained must be reduced accordingly.

Respectfully submitted,

METROPOLITAN WATER RECLAMATION DISTRICT
OF GREATER CHICAGO

s/Frederick M. Feldman
By: Frederick M. Feldman, Attorney

Frederick M. Feldman by
Lisa A. Goldberg
James B. Murray, Jr.
100 East Erie Street
Chicago, Illinois 60611
(312) 751-6577
Attorney No. 28138