IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ELIZABETH KOGUCKI,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Case No.: 08 cv 983 |
| METROPOLITAN WATER RECLAMATION<br>DISTRICT OF GREATER CHICAGO, | )<br>)  Judge Jeffrey Cole<br>) |
| Defendant. | )<br>) |

**AGREED PROTECTIVE ORDER REGARDING DEFENDANT'S PRODUCTION OF INTERVIEW MATERIALS AND PERSONNEL RECORDS TO PLAINTIFF**

This matter comes before the Court on Defendant's Agreed Motion for a Protective Order Regarding Defendant's Production of Interview Materials and Personnel Records to Plaintiff, due notice having been given and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1. Defendant will provide Plaintiff's counsel with copies of documents arising from the District's 2005 interviews of candidates for the Principal Civil Engineer position. Defendant may also provide Plaintiff with personnel records of its employees. Any documents produced pursuant to this paragraph will be marked "Confidential".

2. That a protective order concerning the documents and information described above in paragraph 1, is entered as follows:

(a) Plaintiff's counsel, promptly upon completion of the litigation or at such time as he has no further use for the documents, whichever occurs first, shall return to the Defendant's Counsel all copies and extracts of data from such documents described above in paragraph 1;



EXHIBIT A

1

(b)   The documents described above in paragraph 1, and any copies or extracts thereof, shall be retained in the custody of Plaintiff's counsel during the pendency of the litigation;

(c)   Plaintiff and Plaintiff's counsel shall not use or disclose any of the information contained within the documents described above in paragraph 1 for any purpose other than the litigation of this case only. Such use or disclosure is limited to Plaintiff, Plaintiff's counsel and his firm (attorneys, support staff, agents, consultants), experts, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and any other individual or entity that the parties to this litigation agree to in writing, or absent such agreement, by further order of Court. Plaintiff and Plaintiff's counsel shall not disclose any of the information contained within the documents described above in paragraph 1 to any third party or entity other than for purposes directly related to the discovery and trial of this cause, and any such person or entity to whom such communication is made shall be bound by the terms of this Order. Prior to disclosing any of the information contained within the documents described above in paragraph 1 to any persons involved in the litigation, including, but not limited to, co-counsel and staff and expert or consulting expert witnesses retained in connection with the litigation, Plaintiff's attorney shall inform each such person that the disclosed material is confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation, and further, that these restrictions are pursuant to a Court Order; and

(d)   Notwithstanding the foregoing provisions, Defendant shall have the right to redact from all documents produced in discovery any and all references to personal and confidential information of any District employee, former District employee, or

independent contractor hired by the District, as well as his or her family, including, but not limited to, social security numbers, home addresses and telephone numbers, the names of family members, the names of insurance beneficiaries, dates of birth, and driver's license numbers. Where the discovering party believes that this information, as to a non-party employee, non-party former employee, or independent contractor, is relevant or likely to lead to the discovery of admissible evidence, that party shall make a separate and specific request for this information.

3. Nothing in this Order shall be construed to mean that the parties waive any objections as to the admissibility or relevance of the information and documents which fall within the protection of this Order. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

Agreed to by:

Defendant Metropolitan Water
Reclamation District of Greater Chicago

By: _____
Frederick M. Feldman
Lisa A. Goldberg/James B. Murray, Jr.
100 East Erie Street, 3rd Floor
Chicago, IL 60611
(312) 751-6580


Plaintiff Elizabeth Kogucki

_____
Gregory J. Bueche
Attorney for Elizabeth Kogucki
27475 Ferry Road
Warrenville, IL 60555
(630) 717-6733

May 19, 2008

ENTERED: _____

4